**1442-15**

ORIGINAL

In The Texas Court of Criminal Appeals

Donald Wayne Read
Petitioner

Vs.

The State of Texas

§
§
§
§
§
§

No 11-13-00344-CR

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

NOV 24 2015

Abel Acosta, Clerk

Petitioned From cause# 1315382D in Crim. Dist. Ct. #2 of Tarrant Co, Tx. and The Eleventh Court of Appeals Eastland, Texas

FILED IN
COURT OF CRIMINAL APPEALS

NOV 24 2015

Abel Acosta, Clerk

Petition

Donald Wayne Read
TDC# 1888548
Price Daniel Unit
938 South F.M. 1673
Snyder, Tx. 79549

Pro Se

Oral argument requested

# Table of Contents
## Grounds For Review

Ground #1   Violation of Due Process of Law U.S.A. Const. 14th Amendment. The state contrived a pretense of trial by fabricated perjured witness statements, manufacturing by revision of police video exhibit, and invalid methodology analysis of blood speciman   pgs. 7-9

Ground #2   Violation of effective Assistance of Counsel U.S.A Const. 6th Amendment; Statutorily appointed counsel conspired with state contriving a pretense of trial assisting in obtaining petitioner's illegal conviction. Their only interest was to fraud the tax-payers out of unearned attorney's fees.   pgs. 10-14

Ground #3   Legally Insufficient Evidence; the evidence was insufficient to sustain a conviction based on the element of operating as statutorily defined in Dahl V. State 707 S.W. 2d 694 and Tx. Trans Code 724.001 & 724.002 Applicability   pg. 15

Ground #4   Legally Insufficient Enhancement Paragraph Alledged Final convictions where invalid to adhere to Tx. Crim. Cr. ruling Beal V. State 91 S.W. 3d 794 violating by prejudice a substanial right.   pgs. 16, 17

# Index of Authorities

## Case Law

Beal V. State 91 S.W. 3d 794 (Tx. Crim. App. 2002) . . . . . . . 16, 17

Brady V. Maryland 373 U.S. 83; 83 S.ct. 1194 (1963) . . . . . . . . 8

Dahl V. State 707 S.W. 2d 694 (Tx. App. 3rd. Dist. Austin 1986) . . . 9, 15

Kelly V. State 824 S.W. 2d 568 (Tx. Crim. App. 1992) . . . 9

Mosqueda V. State 936 S.W. 2d 714 (Tx. App. 2nd Dist. Ft. worth 1996) . . 7

Read V. State 955 S.W. 2d 435 (Tx. App. 2nd. Dist. Ft. worth 1997) . . . 16, 17

Reyes V. State 394 S.W. 3rd. 806 (Tx. App. 7th Dist. Amarillo 2013) . . . 7

Strickland V. Washington 466 U.S. 668, 104 S.ct. 2052 (1984) . . . 10

Tamez V. State 11 S.W. 3d 198 (Tx. Crim. App. 2000) . . . . . . . . 16, 17

## Texas Statutes

Tx. C.C.P art. 1.051 Right to Counsel . . . . . . . . . . . . . 11

Tx. C.C. P. art. 11.07 Habeas Corpus . . . . . . . . . . 17

Tx. CCP art. 2605 Compesation . . . . . . . . . . . . . . 12

Tx. C.C.P art. 26.04 Procedures for appointing counsel. . . . . 11

Tx. C.C.P art. 37.09 (1) Lesser included offense . . . . . . . . 7

Tx. Crim. Code 38.33 Preservation & use of Evidence of certain . . . . . 7
misdemeanor convictions

Index con't next pg.

# Index of Authorities

Tx. Penal code art. 37.10 Tampering with gov. record . . . . . . 8

Tx. Penal code art. 49.01 definitions . . . . . . 9

Tx. Penal code art. 49.04 Driving While Intoxicated . . . 7

Tx. Penal code art. 49.09 Enhancement . . . . . . 7

Tx. Penal code art. 12.42 Penalties for Repeat & Habitual Felony . . . 7
Offenders

Tex. Rev. Civ. Stat. art. 6701h -1(7) definition . . . . . . 15

Tx. Trans. code art. 724.001 definition . . . . . . 13 15

Tx. Trans. code art. 724.002 Applicability . . . . . . 13, 15

## U.S.A Const. guarantee rights

U.S.A Const. 14th Amendment "Due Process of LAW" . . . . 7

U.S.A Const. 6th Amendment "Effective Assistance of Counsel" . . 10

## Appendix

Judgment cause # 13153820 . . . . . . 20, 21, 22

Statutory Warning DIC-24 . . . . . . 23

Read V. State 955 S.W. 2d 435 (Tx. App. 2nd Dist. Ft. Worth . . . 24

Statement Regarding Oral Argument

Oral Argument Request:

Oral argument would be helpful to argue more profoundly the conspiracy of contriving a conviction using perjured fabricated hearsay statements, manufactured revised modified police video, and invalid methodology analysis of blood speciman.

Feb 18th 2013 my son and I were test roving a Land Rover through a nearby ditch where I resided with my elderly mother. Having ran out of gas because of a slanted position the Rover was being tested in we left the vehicle and returned to my residence a block away. Having returned back to the vehicle later that evening to retrieve my cell phone and other value property. A neighboring residence Tim Verboski passing by mistakenly presumed the rover had ran off into the ditch. Making a false report to 911 that there was an accident.

Deputy LaCroix arrived at the scene as petitioner was explaining the circumstances she observed a small bead of blood on the rightside of the dashboard. She interupted the explaining statement asking for Driver's License to ran an ID check. Returning she ordered a field sobriety test. As approaching traffic traveled toward us petitioner refused to complete the test in the middle of the street knowing his safety was endangered. After being arrested petitioner was place in patrol car just before a second officer arrived on the scene pointing out tracks leading up to the Land Rover to Deputy LaCroix. I was taken for a blood test which I volunteer pursuant to DIC-24 statutory warning.

I was tried Oct. 8th, 9th, 2013 and convicted of a lesser included offense by a jury of my peers. The state has contrived perjured, manufactured evidence, and used invalid blood analysis to obtain a illegal conviction.

State of Procedural History

Eleventh Court of Appeals, Eastland Texas
handed down an opinion Oct. 15th, 2015

Appointed Attorney J Warren St. John's apparent only interest in the case was to fraud tax-dollars for attorney fees which have been unearned pursuant to Texas Fair Defense Act, ethics and rules applying to indigent representation. No counsel has been provided, so whether motion for rehearing was denied petitioner has no means of that acknowledgement. "No Pro Se motion for rehearing was filed."

Ground # 1
Argument

Violation of U.S.A Const. 14 Amendment guarantee right Eleventh Court of Appeals affirmed cause # 11-13-00344-CR stating "The court has inspected the record in this case and concludes that there is no error in the judgment below."

A copy of the trial courts judgment is attached in the appendix. At trial Deputy John Pauley an fingerprint expert testified that cause # 0341322 thumbprint did not match the defendant on trial Tx. ~~Crim~~ Crim, Code Pro. 38.33. Appointed Attorney Mary Thornton motioned to instruct the jury on a lesser included offense[1]. Ultimately a jury of the petitioner's peers returned a verdict or findings of; We the jury, find the defendant, Donald Wayne Read, guilty of the lesser included offense of Driving while Intoxicated with an alcohol concentration of .15 or above. This language is found in Tx. Penal Code 49.04 (d) and is clarified as a misdemeanor in Reyes V. State 394 S.W.3d 806 (Tx. App. 7th Dist. Amarillo 2013) @ 812 citing Mosqueda V. State 936 S.W. 2d 714, @ 717 (Tex. Ft. worth 1996) "The state and conspiring court ordered and statutorily appointed appeal attorney have altered the verdict to maintain an illegal conviction."

The attached judgment reflects the actual verdict by recording in the space provided for statute of offense as 49.04 not 49.09 or 12.42 (d). Then in placeholder for findings of 1st enhancement paragraph the judgment

Ft. note; Tx. C.C. Part 37.09 (1)     cont next pg 1 of

clearly records N/A showing petitioner was not found guilty as charged by grand jury indictment. Again in placeholder for findings of 1st paragraph the judge entered N/A because the jury's verdict page 13 of the court's charge was that of the lesser included offense. Either record has been altered or the Eleventh Court of Appeals has ruled bias toward prosecution. Note; a Fax # at the top portion of the judgment indicates that the judgement was faxed. It was used at a parole re-vocation hearing and presented to petitioner as a exhibit marked B.

In J. Warren St. John's appeal brief he has falsely presented expert fingerprint analysis as declaring neither prior conviction alledged in the indictment match defendant on trial. His conspiring with prosecution has allowed free reign to alter any government record disired. A crime violating Tx. Penal Code 37.10 Tampering with gov. record.

The state used Fabricated hearsay perjured testimony with manufactured police video as evidence exhibit to contrive my illegal conviction; Brady U. ~~~~ Maryland 373 U.S. 83; 83 S.ct. 1194 @ 1196 "Due Process", "It's a requirement that cannot be deemed to be satisfied by mere notice and hearing if a state has contrived a conviction through the pretense of a trial which in "truth" is but used as a means of depriving a defendant of Liberty through a deliberate de-ception of court and jury by presentation of testimony

con't next pg 2 of

known to be perjured. (Police testimony conflicts with police report) Such a contrivance by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of "_JUSTICE_" as is the obtaining of a like result by Intimidation.

Dahl U. state 707 S.W. 2d 694 (Tx. App. 3rd Dist Austin 1986) published Tx. Leg. 69th sess. removed the word term "percent" from out of the National Highway Traffic Safety Administrations extensivily tested and incorporated methodology of measuring alcohol concentration in blood. This altercation transformed a varible result into a constant result. Tx. Penal code 49.01 defines Per Se intoxication as .08 grams of alcohol per 100 milliliters of blood, an constant value. Without the removal of "percent" the statute would read .08 percent grams of alcohol per 100 milliliters of blood an varible value depending on the weight of 100 milliliters of blood. The NHTSA formula incorporated is "percent · weight by volume" Dahl U. state supra at 698. Having removed percent from percent · weight by volume becoming weight by volume has not been proven valid and does not meet three criteria for ~~test~~ foresic Scientific evidence Kelly U. State 824 S.W. 2d 568 (Tx Crim. App. 1992) (a) the underlying scientific theory must be _valid_; (b) the technique applying the theory must be _valid_; and (c) the technique must have been properly applied on the occasion in question. Roanna Wine did not extract 100 milliliters of blood only an approximate 3.5 milliliters was taken and the vial contained preservative/anti-coagulate which tainted the weight, so that evidence was not admissible. The phase .08 grams of alcohol is merely a prejudice phase.

Argument

## In effective Assist of Counsel

Violation of U.S.A Const 6th amendment guarantee right Strickland U. Washington 466 U.S. 668, 104 S.ct. 2052, 80 L.Ed (1984) A defendant must show that his counsel's representation fell below an objective standard of reasonableness @ 2064, to prove this deficiency in representation, the defendant must demonstrate that his counsel's Performance deviated from prevailing professional norms at 2065 and the defendant must show prejudice

Statutorily appointed attorney Mary Thornton refused to prepare an adequate defense using exculpatory evidence recorded in Deputy LaCroix's sworn police report which would have exposed her perjured testimony under oath which would have resulted in acquittal. Deputy LaCroix's testimony claiming defendant refused to submit to a blood speciman (RR 2. 201, 215; RR4; SX3 pursuant to state's appeal brief) contridicted by Deputy LaCroix's record known as DIC-24 statutory Warning which records no refusal (attached in appendix) She also lied about a second officer who arrived at the scene and immediately walked over to the Land Rover pointing out to Deputy LaCroix the tracks leading up to the Rover. At trial she claimed his assistance at this reported accident was not necessary obviously to prevent his testimony contridicting her fabricated testimony. Deputy LaCroix perjured her testimony claiming defendant told her he swerved off the road perhaps because he was tired. (RR 2. 192, 201, 219, 232) "pursant to state's brief."

cont next pg 1 of

Two vials of blood was introduced at a evidence suppression hearing when only one vial was extracted by Roxanna Wine and reported in Deputy LaCroix's sworn report. At trial defendant testified of abstinence of alcohol since 2005. The prosecuter asked how do you explain ~~the~~ alcohol in the blood speciman? Knowing only one 3.5 milliliter vial had been extracted and now two have been introduced as evidence with explaination one was for the state's analysis and the other for defense independant expert analysis and testimony. Defendant replied I do not know who's blood you are using. Immediately, defense appointed attorney Mary Thornton motioned the court to remove petitioner from his own defensive testimony. The court order defendant off the witness stand before he could testify only one vial was extracted by Roxanna Wine. The Deputy's report contains record which would have made blood sample irrelevance because it records the blood speciman was extracted at 12.21 AM Feb. 18th, 2013 21 hrs. "before" the police report records the Statutory Warning was read to the defendant at 11:24 PM Feb. 18th 2013. This exculpatory evidence would have acquitted defendant had it not been for Mary Thornton's assisting the prosecution in contriving a conviction prejudicing a substanial right and falling below professional norms. Tx. C.C.P. art 1.051 (a) The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of proceedings to allow adequate representation. Tx.C.C.Part. 26.04 Procedures for appointing counsel (a)(5) requires the judge

con't next pg 2 of

to ensure that each attorney appointed perform duty owed to the defendant in accordance with the adopted procedures, the requirements of this code, and applicable rules of ~~evidence~~ ethics, Tx.C.C.Part. 26.05 Compesation (h) provides means for expert, independant analysis to test the blood speciman for both DNA match and alcohol concentration which if Mary Thornton had honored the Texas Fair Defense Act I would have been acquitted. Instead a sham trial was performed scripted by case law.

Mary Thornton's conspiracy assisting the state in this sham trial using fabricated perjured witness testimony, invalid blood/alcohol analysis, and manipulated revisedor modified by editing police video did not go undetected and prejudiced my right to Due Process and a fair trial.

Statutorily appointed Attorney J. Warren St. John also conspired with assisting the court and prosecutor in maintaining my illegal conviction by misrepresenting his brief. He claimed the jury verdict was DWI-Felony repetition rather than what was actually announced in open public court of the lesser included offense on page 13 of the court's charge. Also he claimed expert figureprint witness John Pauley testified neither misdemeanor alledged in the indictment thumbprint matched defendant on trial, a lie made up so the record could be altered, but is revealed by the judge's entry on the attached judgment & sentence (see appendix)

Had it not been for fraud and gov. conspiracy to convict I would have been acquitted.

con't next pg 3 of

. Exculpatory evidence record in Deputy LaCroix's police report clearly states no damage to the Land Rover and the incident was not an accident, recorded in sworn report used as exhibit filed by Tx. Dept of Public Safety at Driver's License Administration hearing. Tx. Trans. Code 724.001 defines "operate" as to drive or be in actual physical control of a motor vehicle or watercraft adopted from Tex. Rev. Civ. Stat. art. 6701h-1(7) see also Dahl V. State 707 S.W. 2d 694 @ 702. Tx. Trans Code 724.002 Applicability requires the motor vehicle be <u>powered</u> by 50 horsepower or above, therefore, a vehicle has to be running to be operated, i.e. A vehicle with a Interlock Device installed for alcohol detection would allow keys to be in the vehicle's ignition, but a failed test would not allow the vehicle to be <u>powered</u>. Petitioner testified at trial the Land Rover ran out of gas after becoming slanted while roving through the ditch by his son at approximately 4:30 PM that evening and he had returned to retrieve his cell phone.

The vehicle was parked sitting out of gas and had this fact been amplified to the jury the element of operating was not constituted by keys in the ignition or interior lights on.

The police video of the scene shows no lights on or anybody exit the vehicle only an unidentified vehicle parked in the ditch approximately 100 yds. from where Deputy LaCroix stopped her patrol car when suddenly out of no where Deputy LaCroix and defendant magically appears in front of her patrol car performing a sobriety test in the center of Moran Rd. as traffic approached endangering there safety, at which point defendant was arrested. The video also consist of freshly

painted white boundry stripes that did not exist the night of petitioner's arrest Feb 18th, 2015. During the months of July and August road construction was done and Moran Rd. was widened.

Had these facts been addressed petitioner would not have been convicted. The failure of adequately preparing a defense by appointed attorneys makes it evident that they assisted in conspiring this conviction.

Petitioner has successfully proved counsel's performance deviated from professional norms and statutes amended by Texas Fair Defense Act. Had petitioner been represented by effective counsel prepared with these issues and facts petitioner would have been acquitted.

Argument

Legally insufficient evidence to sustain element of operating.

Tx. Trans. code 724.001 definitions defines "operate" as means to drive or be in actual physical control of a motor vehicle or watercraft. This statute was adopted From Dahl V. State 707 S.W.2d 694 (Tx. App. 3rd Dist. Austin 1986) @ 702 citing Tex. Rev. Civ. Stat. art 6701h-1(1). To be applicable Tx. Trans. code 724.002 Applicability requires operation of a motor vehicle or watercraft <u>powered</u> by an engine having a manafacture's rating of 50 horsepower or above. A motor vehicle in order to be <u>powered</u> the engine must be running i.e. when DWI suspects bonded out of jail on a charge and statute requires an interlock device installed on their vehicle and the test is failed. The vehicle although having the keys in the ignition can not be started. The same principle applies to a vehicle out of gas. Deputy LaCroix testified that although the keys where in the ignition she does not remember if the vehicle was running. Petitioner testimony of circumstances (RR5:38 -51) the only witness with the facts contridicts Deputy LaCroix's perjured Fabricated (objectable) hearsay statement that petitioner told her "perhaps I ran off the road because I was tried." <u>Tim Verboski clearly states it happened before he passed,</u>" so no witness observed any operation of a motor Vehicle. The mere sitting in a vehical with interior lights on does not constituted operating, the engine must be running.

Arugment
Legally insufficient Punishment Enhancement

Beal v. State 91 S.W. 3d 794 Tx. Crim. App. 2002 ruled the final conviction date to be alle(d)ged in the indictment is the appeal mandate. The state failed to prove cause# 12163 was final. Eleventh Court of Appeals notes in their opinion no evidence was adduced that the 1996 conviction had been appealed. This fact supports ineffective assistance of counsel and clarifies an inadequate preparation of a defense. Not only was the cause appealed it was published in an opinion Read v. State 955 S.W 2d 435 (Tx App. 2nd Dist Ft. worth 1997). The appeal issues consist of unfair prejudice reading of four prior misdemeanor DWI's at the beginning of jury trial. The published opinion was "overruled and reversed" in published opinion Tamez v. State 11 S.W. 3d 198 @ 200. Tamez in Tamez v. State 980 S.W 2d 845 @ 848 argued the reading of his six prior DWI inflamed unfair perjudice. The court affirmed as the state cited Read v. State 955 S.W. 2d 435 "The court of appeals determined that nothing in the plain language of section 49.09(b) limited the state to pleading only two prior convictions." Tamez's petition for discretionary review was granted regarding propriety of the Court of Appeal's opinion. Tx. Crim Cr. App. reversed and remanded the cause for unfair prejudice. In effect also reversed

next pg 1 of

Read V. State 955 S.W. 2d 435 and published in Tamez V. State 11 S.W. 3d 198 @ 200 on Jan. 5th 2000, therefore the conviction was not final to be used in the state's alledged Habitual notice cause # 1315382 Tarrant Co Crim. Cr. # 2

The statutory provision Tx. C.C.P. art 11.07 provides extraordinary review and this issue makes Read V. State supra subject to review as concurring opinion by Justice Keller when defining "Final judgment" Beal V. State 91 S.W. 3d 794 @ 796.

Read V. State supra contention is identical to Tamez V. State only with the exception no option for stipulation was availible at the time of his trial.

A substanial prejudice has been caused, Fundamental error having used cause # 12163 to enhance punishment as it is published, a reversal of this cause is required. An issue which has potenial to make the alledged paragraph on habitual notice untrue.

Prayer for granting petition

Petitioner prays, that the Honorable Texas Criminal Court of Appeals after considering issues, facts, rules, statutes, and guarantee U.S. Const. 6th, 14th Amendments. After having examined the contrived fabricated, manufacture, and invalid analysis of blood evidence grant this petition that JUSTICE shall prevail over Texas's Judicial Corruption administered by preying upon the state's poor citizens.

Respectfully Submitted,

Pro Se
Donald Wayne Read

*Donald W. Read*
TDC# 1888548
Price Daniel Unit
938 South FM 1673
Snyder, Tx. 79549

Appendix

T.R.A.P 68.4 Contents of Petition (i) Appendix, the petition must contain a copy of any opinion of the court of appeals.

Note; Due to the strategy of oppression petitioner is not made availible to copy court documents in access to court as an indigent.

Please make an exception to the rule and order the court pursuant to rule 66.4 Documents to Aid Decision (a)(2) to provide the essential Appellate's court opinion.

CASE No. 1315382D     COUNT ONE

INCIDENT NO./TRN: 9047723953

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT COURT |
| V. | § | NUMBER TWO |
| | § | |
| DONALD WAYNE READ | § | |
| | § | TARRANT COUNTY, TEXAS |
| STATE ID No.: TX02418175 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. WAYNE SALVANT | Date Judgment Entered: | 10/9/2013 |
| Attorney for State: | JOE SHANNON, JR. MOLLY DAVIS AMY COLLUM | Attorney for Defendant: | MARY B THORNTON |

Offense for which Defendant Convicted:

**DRIVING WHILE INTOXICATED AND FELONY REPETITION**

| | |
|---|---|
| Charging Instrument: **Indictment** | Statute for Offense: (49.04 PC)    *not a Felony* |
| Date of Offense: **2/17/2013** | |
| Degree of Offense: **3RD DEGREE FELONY** | Plea to Offense: **NOT GUILTY** |
| Verdict of Jury: **Guilty** | Findings on Deadly Weapon: **N/A** |
| Plea to 1st Enhancement Paragraph: (N/A) *lesser include offense* | 1 Plea to/Habitual Paragraph: **Not True** |
| Findings on 1st Enhancement Paragraph: (N/A) | Findings on Habitual Paragraph: **True** |
| Punishment Assessed by: **Court** | Date Sentence Imposed: **10/9/2013** | Date Sentence to Commence: **10/9/2013** |

Punishment and Place of Confinement:    **25 YEARS Institutional Division, TDCJ**

THIS SENTENCE SHALL RUN **N/A.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A.**

| Fine: **N/A** | Court Costs: **$474.00** | Restitution: **N/A** | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

☒ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part thereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A**.

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From: 2/17/2013   To: 10/9/2013 |
|---|---|

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A** Days   Notes: **N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in TARRANT County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)

*At. note; either the judgment has been modified or else the court of appeals has misconstrue the recorded record.*

Case No. 1315382D       Page 1 of 3

*P9 2*



*Appendix*

*pg 21*



☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The Indictment was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☐ Jury. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.
☒ Court. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.
☐ No Election. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Tarrant County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☐ County Jail Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of County, Texas on the date the sentence is to commence. Defendant shall be confined in the County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☐ Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.
☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

HABITUAL OFFENDER NOTICE - TRUE

Signed and entered on 10/21/2013

X _____
JUDGE PRESIDING

NOTICE OF APPEAL FILED: 10/9/2013

CASE NO. 1315382D    COUNT ONE
INCIDENT NO./TRN: 9047723953

THE STATE OF TEXAS

v.

DONALD WAYNE READ

STATE ID No.: TX02418175

§
§
§
§
§
§
§
§

IN THE CRIMINAL DISTRICT COURT
NUMBER TWO

TARRANT COUNTY, TEXAS

Date: 10·9·13



Right Thumbprint

x *R. Cook #72095*

PERSON TAKING PRINT

## JUDGMENT AND SENTENCE
## FINGERPRINT PAGE

| Clerk | |
|---|---|
| 88 | LTD |

Page 3 of 3

*pg 4*

# STATUTORY WARNING

DIC-24 (Rev. 9/11)

DONALD W. READ
_____
SUBJECT'S NAME

06674852/TX
_____
DL NO./STATE

1/14/1960
_____
DOB

PHYSICAL DESCRIPTION (if unlicensed)  Race: __White__  Sex: __M__  Height: __5' 5"__  Weight: __138__  Eyes: __Brown__  Hair: __Gray__

DATE OF ARREST: __2/18/2013__   TIME OF ARREST: __11:24 PM__   COUNTY OF ARREST: Tarrant

You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle or watercraft in a public place while intoxicated or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug or other substance in your body.

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense.

If you refuse to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from you.

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.

If you were operating a motor vehicle and you refuse to give the specimen or provide a specimen that shows you have an alcohol concentration of 0.08 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year.

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen. I have provided you with a complete and true copy of this statutory warning.

I am now requesting a specimen of your  ☐ Breath   ☒ Blood

☐ Subject refused to allow the taking of a specimen and further refused to sign below as requested by this officer.

OR

*no refusal*

☐ Subject refused to allow the taking of a specimen as evidenced by his/her signature below.

_____
Subject's Signature

☐ I further certify that because you are a child as defined in Section 51.02, Family Code, the above request for a specimen and your response have been videotaped.

_Becky L. LaCroix 6/10/27_
_____
Officer's Signature

Becky L. LaCroix
_____
Officer's Printed Name

Tarrant County Sheriff's Office
_____
Agency

817-238-4207
_____
Telephone No.

**TEXAS DEPT OF PUBLIC SAFETY'S EXHIBIT# 3**

DPS Copy --- White        Driver's Copy --- Yellow

FOR DEPARTMENT USE ONLY

TEXAS DEPARTMENT OF PUBLIC SAFETY
This day, 5/22/13, I certify that the document which bears this certificate is a full, true and correct copy of the official record or report or entry currently on file with the Texas Department of Public Safety.

JoeAnna F. Mastracchio, Custodian of Records
Driver License Division
Texas Department of Public Safety

Attested to and executed by:

Cindy Gilmore, Authorized Deputy Custodian

Pg. 5

# DWI CASE REPORT

| Agency: | Tarrant County Sheriff's Office | Case: | 2013-02084 |
| Officer: | Becky L. LaCroix | Badge: | 68627 |

## Interview Of Defendant

[X] Did not ask any questions

[ ] Refused to answer questions after read Miranda Warning

[ ] Did not ask questions because of a language barrier

[ ] Interview asked on video

Video #:  837

Date of Interview: _____ Time of Interview: _____

Interviewer:  N/A          ID# :  N/A

Unusual actions observed during the interview:

N/A

Defendant's Speech:

N/A

Officer Signature: _B. LaCroix 68627_  Date: 2/18/2013

Reviewed and Approved by _____  Date: 2-18-13

## Officer Information

Arresting Officer:  Becky L. LaCroix          ID # : 68627

Agency Name:  Tarrant County Sheriff's Office     Agency Phone # : 817-238-4207

Officer Certifications:

[X] Certified SFST

[ ] Certified Seated SFST

[ ] Certified Breath Test Operator

[ ] Certified SFST Instructor

[ ] ARIDE

[X] HGN certified

[ ] Certified DRE

[ ] Certified DRE Instructor

[ ] Marine Safety Enforcement Officer

Becky L. Lacroix

2004:

Attended the Basic Police Academy

2005:

Tarrant County Constables Office Pct. #2

2006:

Criminal District Court #2 Bailiff

2010:

Patrol

TEXAS DEPARTMENT OF PUBLIC SAFETY

This day 5/22/13 I certify that the document which bears this certificate is a full, true and correct copy of the official record or report or entry currently on file with the Texas Department of Public Safety.



JoeAnna F. Mastracchio, Custodian of Records
Driver License Division
Texas Department of Public Safety

Attested to and executed by:

Cindy Gilmore, Authorized Deputy Custodian

http://texas.leadrs.org

Page of 10

TEXAS DEPT OF
PUBLIC SAFETY'S
EXHIBIT# 2 pg 11

Q9.24

FOCUS™ Terms [name(read and state)] Search Within [Original Results (1 - 27)] Advanced...

View [Full] ▾

View Tutorial

◀ 24 of 27 ▶

Shepardize® | TOA

⚠ **Read v. State, 955 S.W.2d 435**, *; 1997 Tex. App. LEXIS 5513, **

955 S.W.2d 435, *; 1997 Tex. App. LEXIS 5513 (Copy w/ Cite)

Pages: **5**

DONALD WAYNE **READ**, APPELLANT v. THE **STATE** OF TEXAS, **STATE**

COURT OF APPEALS OF TEXAS, SECOND DISTRICT, FORT WORTH

NO. 2-97-094-CR

955 S.W.2d 435; 1997 Tex. App. LEXIS 5513

October 23, 1997, DELIVERED

**PRIOR HISTORY:** [**1] FROM THE 43RD DISTRICT COURT OF PARKER COUNTY.

**DISPOSITION:** Affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant challenged the order of the 43rd District Court of Parker County (Texas), which convicted him of driving while intoxicated, subsequent offense, after considering his prior four convictions.

**OVERVIEW:** Defendant was convicted for driving while intoxicated (DWI), subsequent offense. The indictment alleged the current DWI, as well as four prior DWI convictions. Defendant contended that it was error for the jury to know about more than two prior convictions, the statutorily required amount under Tex. Penal Code Ann. § 49.04 (1994 & Supp. 1997). Defendant also contended that when he requested hybrid representation, the trial court advised him that his constitutional right to remain silent would be compromised and that his meant that the trial court was not neutral. On appeal, the court affirmed the conviction because the statutory language of Tex. Penal Code Ann. § 49.04 (1994 & Supp. 1997) did not limit state to proving no more than two prior DWI offenses. Also, defendant had no constitutional right to hybrid representation, so the trial court's response was not fundamental error, and the error was also neither objected to at trial nor preserved for appeal.

**OUTCOME:** Defendant's conviction for driving while intoxicated (DWI), subsequent offense, was affirmed because trial court did not abuse its discretion by failing to limit state's introduction of prior DWI offenses to the two that were statutorily required for conviction. The court also found defendant had no right to hybrid representation, so it was not fundamental error that trial court advised him that it would compromise his right to remain silent.

**CORE TERMS:** prior convictions, hybrid, intoxicated, fundamental error, driving, pretrial, subsequent offense, attorney of record, opening statement, verbal response, right to remain silent, cross-examining, responding, innocence, egregious, wording, felony, guilt, phase, cross-examination, cross-examine, indictment, verbally

**LEXISNEXIS® HEADNOTES**

Criminal Law & Procedure > Criminal Offenses > Vehicular Crimes > Driving Under the Influence > Elements 🔍 🖽Hide

HN1⬇ The Texas Penal Code classifies a first offense driving while intoxicated as a Class B misdemeanor. Tex. Penal Code Ann. § 49.04 (1994 & Supp. 1997). A portion of section

---

49.09(b) recites conditions under which the offense may become a felony: If it is shown on the trial of an offense under Section 49.04 that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated the offense is a felony of the third degree. Tex. Penal Code Ann. § 49.09(b) (1994 & Supp. 1997).  More Like This Headnote | Shepardize: Restrict By Headnote

Criminal Law & Procedure > Appeals > Standards of Review > General Overview 🔍

HN2⬇ Fundamental error is error so egregious that the harm it creates denies the defendant a fair and impartial trial. For us to find egregious harm, it must be apparent from our review of the record that the error complained of made the case for conviction or punishment clearly and significantly more persuasive.  More Like This Headnote

Criminal Law & Procedure > Appeals > Standards of Review > General Overview 🔍

HN3⬇ Because a defendant has no right to hybrid representation, the trial court's conduct when responding to appellant's request to share his own attorney's role during the trial was not fundamental error.  More Like This Headnote | Shepardize: Restrict By Headnote

**COUNSEL:** FOR APPELLANT: DAVID A. PEARSON, IV, FORT WORTH, TEXAS. JIM ASHBY, MINERAL WELLS, TEXAS.

DONALD E. SCHNEBLY, DISTRICT ATTORNEY, EDWARD D. LEWALLEN, ASSISTANT DISTRICT ATTORNEY, KATHLEEN CATANIA, ASSISTANT DISTRICT ATTORNEY, WEATHERFORD, TEXAS.

**JUDGES:** PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

**OPINION BY:** DIXON W. HOLMAN

**OPINION**

[**436] OPINION

Appellant Donald Wayne Read appeals his conviction for driving while intoxicated--subsequent offense (DWI) and his sentence of 10 years in prison and a $ 10,000 fine. See TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Vernon 1994 & Supp. 1997). We affirm.

The indictment alleged not only the current DWI, but also Appellant's four prior convictions for driving while intoxicated. Appellant was represented by counsel at the pretrial hearing as well as the guilt/innocence and the punishment phases of the jury trial. We will not address the evidence about the new (DWI) offense for which Appellant was indicted in this case, because he does not challenge that portion of the evidence.

**Issues**

We face two issues. First, when a defendant is prosecuted for [**2] driving while intoxicated-- subsequent offense, does section 49.09(b) of the Penal Code bar the State from offering evidence that the defendant has more than two prior convictions for driving while intoxicated? Second, when a defendant with an attorney of record wants to engage in hybrid representation and at pretrial asks for the court's permission to participate at trial in the opening statement to the jury and in cross-examining some of the State's witnesses, does a verbal response by the judge describing how hybrid representation might effectively compromise the defendant's constitutional right to remain silent at trial mean that the judge has abandoned the role of neutral arbiter and unfairly assumed the role of advocate? We conclude that the answer to both issues is no.

**Section 49.09(b)**

HN1 The Texas Penal Code classifies a first offense DWI as a Class B misdemeanor. See TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp. 1997). A portion of section 49.09(b) recites conditions under which the offense may become a felony:

If it is shown on the trial of an offense under Section 49.04 . . . that the person has previously been convicted *two times* of [**3] an offense relating to the operating of a motor vehicle while intoxicated . . . the offense is a felony of the third degree.

See TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 1997) (emphasis added).

In connection with the first issue, Appellant contends that the wording of section 49.09(b) *limits* the State to pleading and proving no more than two prior convictions. He maintains that the trial court erroneously allowed him to suffer unfair prejudice during the guilt/innocence phase, by letting the jury hear evidence that he had four prior convictions instead of only two. Appellant insists that the four prior convictions were offered only for the purpose of proving that he has a propensity to commit crimes and therefore was inadmissible "character" evidence. See TEX. R. CRIM. EVID. 404(b). However, the record does not support Appellant's argument that the four prior convictions were offered for the purpose of proving Appellant's character in order to show that he acted in conformity therewith. See id.

Despite Appellant's contention that no reasonable perception of common experience supports the conclusion that evidence of four prior DWI convictions is more [**4] relevant than evidence of two prior DWI convictions, we recognize that the State is not always able to prove every allegation it pleads in a charging instrument. Although the unflawed proof of two prior convictions may be *sufficient*, simply introducing two into evidence does not compel the trier of fact or the court to accept the two, regardless of any possible flaws in the proof. After carefully considering the wording of section 49.09 (b), we conclude that [*437] in cases where the State invokes the applicability of section 49.09(b) because two or more prior DWI convictions exist, the section does not limit the State to pleading or proving no more than two prior DWI convictions. Accordingly, the trial court did not abuse its discretion by admitting evidence of Appellant's four prior DWI convictions. We overrule Appellant's first issue.

**Hybrid Representation**

While accompanied by his attorney of record, Appellant personally made the following oral request to the court in a pretrial hearing:

I understand . . . that I don't have to discriminate (sic) myself in testimony, but I do have the right to cross-examine the witness according to what I'm being [**5] accused of . . . I'm not going to testify. But I do want to cross-examine the witness. . . . My point is that mostly I need to have a participation in the opening statement so that the jurors will be aware of what my cross-examination questions, or the points that I'm trying to point out to them. . . . I don't really know law, and I'm not quite educated in law, but. . . . I feel quite confident with my preparations of what I've got designed. But I do need at least the police report and some of the details that will be used against me that they're accusing me of in the indictment so that I can further prepare myself and be ready for cross-examination.

The trial court never ruled on Appellant's request, and when verbally responding to the request, the judge did not use the term "hybrid representation." The judge simply informed Appellant about the potential adverse legal consequences Appellant might suffer if the request was granted.

**No Fundamental Error**

In connection with the second issue, Appellant asserts on appeal that the trial court committed fundamental error by verbally describing to him ways in which his constitutional right to remain silent might be compromised [**6] if he participated with his counsel in the opening statement and in cross-examining State's witnesses. Appellant suggests on appeal that even though he voiced no objection at trial to the fact that the court neither ruled on his request nor offered him a chance to engage in hybrid representation, the fundamentally erroneous nature of the judge's verbal response to the request preserved the second issue for appeal. The State responds that the court's comments to Appellant about the potential consequences of hybrid representation were not fundamental error. We agree.

HN2 Fundamental error is error so egregious that the harm it creates denies the defendant a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). For us to find "egregious harm," it must be apparent from our review of the record that the error complained of made the case for conviction or punishment clearly and significantly more persuasive. See Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). Here, Appellant was already represented by counsel when Appellant told the court he wanted to *share* counsel's role in the trial. HN3 Because a defendant has [**7] no right to hybrid representation, the trial court's conduct when responding to Appellant's request to share his own attorney's role during the trial was not fundamental error. See Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). Appellant did not preserve the second issue for appeal because he did not object at trial court.

**Conclusion**

Having overruled Appellant's first issue and having found that Appellant waived the second issue, we affirm the trial court judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED OCTOBER 23, 1997

View [Full]

24 of 27

Sheparidize® | TOA

Read v. State, 955 S.W.2d 435 (Copy w/ Cite)

Pages: 5

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2013 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



In The

# Eleventh Court of Appeals

No. 11-13-00344-CR

## DONALD WAYNE READ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Tarrant County, Texas
Trial Court Cause No. 1315382D

## MEMORANDUM OPINION

The jury found Donald Wayne Read guilty of driving while intoxicated—felony repetition.[1] Appellant elected to have the trial court assess punishment, and he pleaded "not true" to the habitual offender enhancement. *See* PENAL § 12.42(d). The trial court found the habitual offender enhancement to be "true," assessed

---

[1]*See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014).

punishment at confinement for twenty-five years, and sentenced Appellant. Appellant asserts two issues on appeal. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for driving while intoxicated in a public place—felony repetition. The grand jury alleged in the indictment that Appellant had previously been convicted of driving while intoxicated in 1988 in Cause No. 0341322 and convicted of driving while intoxicated, a misdemeanor with repetition, in 1995 in Cause No. 0511960; both convictions occurred in Tarrant County. A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. PENAL § 49.04(a). This offense is a felony of the third degree if it is shown at trial that the person has previously been convicted two times of any other offense related to the operation of a motor vehicle while intoxicated. *Id.* § 49.09(b)(2).

The indictment also included a Habitual Offender Notice. In that notice, the grand jury alleged that Appellant had been convicted of two prior felony offenses of driving while intoxicated: one in 1996, Cause No. 12163 in Parker County, and a second in 2006, Cause No. 0992602R in Tarrant County. A person is a habitual offender if that person has been finally convicted of two felony offenses and the second previous felony conviction was for an offense that occurred subsequent to the time that the first previous conviction became final. *Id.* § 12.42(d). Once convicted as a habitual offender, the defendant shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. *Id.*

## II. *Evidence at Trial*

Timothy Verboski, an airline pilot, was on his way home from work late one February night when he noticed a vehicle in the ditch on the side of the road. Verboski stopped to see if everyone was "okay." Appellant exited his vehicle and asked Verboski to pull Appellant's vehicle out of the ditch. Verboski noticed that

2

Appellant's speech was slurred and that he staggered. Appellant appeared intoxicated and was either "drunk" or "drugged up," and Verboski refused to pull Appellant's vehicle out of the ditch. Verboski drove down the road and called 9-1-1. Shortly thereafter, Becky LaCroix, a deputy with the Tarrant County Sheriff's Office, arrived at the scene.

Deputy LaCroix observed an older model sport utility vehicle, a Land Rover, in a ditch. The Land Rover was leaning against a barbed-wire fence. When she approached the Land Rover, Deputy LaCroix noticed that Appellant was in the driver's seat, that the keys were in the ignition, and that the headlights were "on." She observed that Appellant was in control of the Land Rover. Deputy LaCroix noticed blood on Appellant's hand as well as on the steering wheel; she thought that he had been in an accident. Deputy LaCroix also noticed a strong odor of alcohol on Appellant's breath. She described his speech as slow and slurred. Appellant told Deputy LaCroix that he was en route from his mother's house to his girlfriend's house. Appellant said that he was tired and accidentally ended up in the ditch. Deputy LaCroix also spoke to Verboski about what he had seen.

Deputy LaCroix administered various field sobriety tests to Appellant, all of which he failed. She arrested him for driving while intoxicated. Deputy LaCroix then determined that Appellant had two prior felony convictions for driving while intoxicated, so she transported him to John Peter Smith Hospital for a mandatory blood draw. He refused to give a blood sample. Nevertheless, Roxanne Wine, a nurse at the hospital, took a blood sample from Appellant. Deputy LaCroix then took Appellant to the Tarrant County Jail. Joyce Ho, a toxicologist with the Tarrant County Medical Examiner's Office, tested Appellant's blood sample, and the sample contained a blood alcohol content of 0.16.

John Pauley, an error resolution detective[2] with the Tarrant County Sheriff's Office, testified that he took Appellant's fingerprints so that he could compare those prints against other fingerprints on documents that the State had asked him to review. Detective Pauley compared the fingerprints that he had taken from Appellant to State's Exhibit No. 7A, a print card from the Tarrant County Sheriff's Office, and determined that both sets of fingerprints belonged to Appellant. Detective Pauley also pointed out that Exhibit No. 7A contained Appellant's county identification number (CID) and his date of birth.

Detective Pauley also reviewed State's Exhibit No. 8, a "case/booking" summary from the Tarrant County Jail; the CID number and the date of birth on State's Exhibit No. 8 matched Appellant's CID number and date of birth. Further, Detective Pauley pointed out that the booking summary referenced Cause No. 0341322 and Cause No. 0511960. Both of those cases involved misdemeanor offenses for driving while intoxicated.

Detective Pauley also reviewed State's Exhibit No. 4, a criminal docket sheet and judgment from Tarrant County Cause No. 0511960, both of which reflected a conviction in 1995 for driving while intoxicated. The docket sheet showed Appellant's CID number, which was the same as the number in State's Exhibit No. 8. Detective Pauley also reviewed State's Exhibit No. 5, a criminal docket sheet and judgment in Cause No. 0341322, which reflected a 1988 conviction for misdemeanor driving while intoxicated. State's Exhibit No. 5 had the same CID number as State's Exhibit No. 8.

Detective Pauley was unable to determine whether the fingerprints on State's Exhibit Nos. 4 and 5 matched Appellant's fingerprints. Detective Pauley was not able to match the fingerprints he took with the fingerprints on State's Exhibit No. 9,

---

[2]An error resolution detective is a person tasked with the responsibility to ensure accuracy in the criminal records of Tarrant County.

4

which was Appellant's redacted Driver's License Record from the Texas Department of Public Safety, because the latter were of insufficient quality. However, State's Exhibit No. 9 did include a photograph of Appellant and his date of birth.

Appellant testified on his own behalf. Appellant denied that he had operated the vehicle while he was intoxicated; he asserted that his son, Matthew, had driven the vehicle into the ditch earlier that day. With respect to his prior convictions, Appellant admitted that he had two prior felony convictions for driving while intoxicated. One of Appellant's prior convictions was in 1996 in Parker County; another was in Tarrant County in 2006. At the time of trial for the instant offense, Appellant was on parole for the 2006 conviction. Appellant conceded that he had pleaded guilty to another conviction for driving while intoxicated, a misdemeanor with repetition, in 1995.

Detective Pauley testified during the punishment phase of the trial with respect to the habitual offender allegations. He stated that the fingerprints on the penitentiary packets from the felony convictions for driving while intoxicated in 1996 in Parker County and in 2006 in Tarrant County matched the fingerprints that Detective Pauley had taken from Appellant.

### III. *Analysis*

Appellant first argues that the evidence was insufficient to support his conviction. In his second issue on appeal, he claims that the trial court erred when it admitted evidence of the 1996 and 2006 convictions because the State had incorrectly pleaded the dates of the judgments.

*A. Issue One: Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational jury could

have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. As the factfinder, the jury determines the weight and credibility of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). If the evidence raises any conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 894.

Appellant asserts that the State failed to prove beyond a reasonable doubt that he was the same Donald Wayne Read that was convicted in 1988 and 1995 for driving while intoxicated. Appellant claims that the State failed to prove that he was the "Read" referred to in the misdemeanor docket sheets from Tarrant County for those cases. The State must prove that a defendant has been convicted of a prior offense by proof beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove the prior conviction in a number of ways that include (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22.

Detective Pauley testified that the booking summary, State's Exhibit No. 8, referenced Cause No. 0341322 and Cause No. 0511960. Both of those causes involved driving-while-intoxicated offenses. In addition, certified copies of both judgments were entered into evidence. The first conviction was in 1988, and the second was a misdemeanor conviction with repetition in 1995.

Appellant admitted at trial that he was the person who had committed the offense as reflected in State's Exhibit No. 4, Cause No. 0511960, and that he had

6

pleaded guilty in 1995 to that offense: the misdemeanor offense of driving while intoxicated with repetition. State's Exhibit No. 4 includes, as the prior offense alleged for repetition purposes, the conviction that is reflected in State's Exhibit No. 5, Cause No. 0341322. The jury is the sole judge of the facts, the credibility of the witnesses, and the weight to be given the evidence. *Sharp*, 707 S.W.2d at 614; *Beckham v. State*, 29 S.W.3d 148, 152 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The jury may believe or disbelieve all or part of any witness's testimony. *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). The jury chose to believe that Appellant had committed the prior offenses in Cause No. 0511960 and Cause No. 0341322. After a review of the record, we hold that the evidence was sufficient for a rational jury to conclude beyond a reasonable doubt that Appellant was the person who was convicted in Cause No. 0511960 and Cause No. 0341322 and that, in the instant case, he was guilty of driving while intoxicated—felony repetition. We overrule Appellant's first issue.

### B. Issue Two: Objection to Habitual Offender Notice

Appellant argues that the trial court erred when it admitted the judgments of conviction for Appellant's felony convictions in 1996 and 2006 because the State had alleged the wrong judgment dates for the convictions. Appellant cites *Beal v. State* in support of his position. *Beal v. State*, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002). We note that it is not necessary to allege a defendant's prior conviction for enhancement purposes with the same particularity that is necessary to allege the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986) (citing *Cole v. State*, 611 S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.] 1981)). We note that the State offered into evidence the mandate for Cause No. 0992602R, dated September 24, 2007, which is when that judgment became final. Appellant did not object to the introduction of that mandate, which was for the felony conviction in 2006; he also admitted that it was his conviction. Appellant also admitted to the 1996

7

felony conviction in Parker County. We note that there was no evidence adduced that the 1996 conviction in Parker County had been appealed. After a review of the record, we hold that the State proved, in compliance with the habitual offender statute, that both convictions had become final well before Appellant was sentenced in this case and that the 1996 Parker County conviction became final prior to the commission of the offense for which Appellant was convicted in 2006. *See* PENAL § 12.42(d). We overrule Appellant's second issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.